**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ATEF SHAWKY ELSABAGH,
<u>Petitioner,</u>

v.

No. 97-2228

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
<u>Respondent.</u>

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-194-971)

Submitted: March 3, 1998

Decided: March 27, 1998

Before ERVIN and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, Rockville, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Civil Division, Michael P.
Lindemann, Assistant Attorney General, Edward J. Duffy, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Atef Shawky Elsabagh seeks review of the Board of Immigration Appeals' opinion and order dismissing his appeal and affirming the immigration judge's decision denying his application for asylum and withholding of deportation. We affirm.

Elsabagh, a citizen of Egypt, contends that the Board erred by holding that he failed to establish a well-founded fear of persecution if he returns to Egypt. He maintains that radical Islamic groups have become increasingly aggressive in the last twenty years, targeting government officials, Coptic Christians, professionals, and those with pro-Western attitudes.

We must uphold the Board's determination that Elsabagh is not eligible for asylum if the determination is supported by substantial evidence on the record considered as a whole. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (holding that petitioner must show concrete facts that would lead a reasonable person in like circumstances to fear persecution); Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989) (holding that petitioner must show a genuine fear of persecution). Our review of the record discloses that the Board's decision is based on substantial evidence and is without reversible error.

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32, 443-48 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Elsabagh has not established entitlement to asylum, he cannot meet the higher standard for withholding of deportation.

Accordingly, we affirm the Board's order. See Elsabagh v. INS, No. A72-194-971 (B.I.A. Aug. 12, 1997). We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3